CITY OF LOWELL vs. COUNTY COMMISSIONERS OF MIDDLESEX.

Under a petition for an abatement of taxes, county commissioners have no authority to allow costs to either party.

A corporation owning canals and land under and adjoining them, and gate houses, feeders and other property used for raising and making available a water power, and whose business is to furnish water power to its stockholders, who are taxed for the value thereof, in connection with their own mills, is taxable for the value of its property over and above the amounts so taxed to its stockholders on account of the water power furnished to them; although such value is derived merely from the surplus supply of water power which it is able to furnish to others during a portion of the year.

Under Gen. Sts. c. 145, § 9, this court have power, in issuing a writ of *certiorari* to vacate irregular proceedings by county commissioners, to order further proceedings by them to correct the irregularity.

PETITION for a writ of *certiorari*, to quash the proceedings of the county commissioners for the county of Middlesex, upon the petition of the Proprietors of the Locks and Canals on Merrimack River, a corporation, for an abatement of taxes assessed upon them in the city of Lowell for the year 1860.

Upon the original petition to the county commissioners for an abatement of the taxes, certain facts were agreed, which are stated in the opinion. Upon these facts, the county commissioners determined that the petitioners were overrated, and entitled to an abatement; and they made an abatement of $2250, assessed upon the sum of $300,000, " because, in the judgment of the commissioners, the water power which is taxed for the last named amount by the assessors should not, under the facts agreed upon by the parties, as a matter of law, be taxed; " and they awarded their costs to the petitioners against the city.

The present petitioners alleged that the proceedings of the county commissioners, as above set forth, were invalid, and prayed that the same might be certified to this court and quashed.

*T. H. Sweetser & A. R. Brown,* for the petitioners.

*J. G. Abbott,* for the respondents.

HOAR, J. It has been recently decided by this court that, on an application to the county commissioners for an abatement of

taxes, no costs can be awarded in favor of either party. *Lowell v. County Commissioners*, 3 Allen, 546.

The county commissioners having exceeded their jurisdiction by awarding costs against the petitioners, it is proper that the writ of *certiorari* should issue, and that the part of the record by which costs are awarded should be quashed. But the other question which the petition presents is more important.

The taxes assessed by the city of Lowell upon the Proprietors of the Locks and Canals on Merrimack River for the year 1860 included a tax upon property thus described in the valuation of estates for that year:

"Land adjoining and bordering on the canal, with gate houses, feeders and mason work, and all the canals owned by the Proprietors of the Locks and Canals within the city of Lowell, with the exception of the Pawtucket Canal and its appurtenances, $300,000."

It appears that the Proprietors of the Locks and Canals are a corporation whose business is to furnish water power to the manufacturing companies in Lowell; that contracts to furnish this power exist between this corporation and the several companies; and that the stock is owned by the companies in the proportion in which they are entitled to a supply of water under their contracts. The water power is supplied from the Merrimack River by means of the canals above described, with their appurtenances; and the whole of the power which these works are capable of supplying throughout the whole year is used by the companies who own the stock. But for nine months in the year there is a considerable surplus of water power, capable of a profitable use, but not yet applied to manufacturing purposes. In assessing the several manufacturing companies, there was no valuation made of the water power used by them as a distinct subject of taxation, but each company was assessed upon its mills at a higher rate of valuation by reason of the water power secured by the contract.

Upon these facts, we are of opinion that the petitioners are entitled to relief, because the county commissioners erred in abating the whole of the tax assessed upon the land and structures

used in creating the water power, when they should have abated only so much as had been already assessed upon the same property in another form.

The respondents claim that the subject of assessment is really water power, and that this is not liable to taxation as a separate property, distinct from the mills which it drives, or the land to which it gives an additional value. It was decided in *Boston Manuf. Co.* v. *Newton*, 22 Pick. 22, that water power for mill purposes not used is not a distinct subject of taxation, and that water power annexed to mills could only be taxed together with the mills, as contributing to increase their value. The county commissioners seem to have supposed that the property assessed was only water power, as in their certificate of abatement they say that they abate the tax of $2250, on the sum of $300,000, because " the water power which is taxed for that amount by the assessors should not as a matter of law be taxed."

But the assessors had not taxed any water power, *eo nomine.* They had taxed land, and structures upon land. If the water power enjoyed by the several mills, and increasing their value respectively, which was already taxed as a part of the value of the mills, had exhausted the whole productive capacity of the land and structures by which it was created, they should not have been taxed further. But as the agreed facts show that a valuable water power for nine months in the year was created, in addition to all that was used by the mills, there still remained a taxable property which had not been assessed in any form. The land occupied by the canals, and used in connection with them, should be taxed to its owners, so far as its productive value had not been made a subject of taxation as an element of the value of the mills to whose use the water power was appropriated. In other words, if the property taxed had a market value above and beyond its use for the purposes of the mills — if it would sell for any price, subject to the obligation to furnish power to the mills according to their contracts — then to that extent it was not taxed in another form, and should be taxed in the mode adopted by the assessors of Lowell.

The proceedings of the county commissioners must therefore

be set aside as erroneous, and the writ of *certiorari* will issue for that purpose. But the judgment to be entered when the record is before us will not necessarily, nor in this case properly, be a mere direction that the proceedings be quashed. The powers of this court in such cases have been greatly and beneficially enlarged by *St.* 1858, *c.* 109, reënacted by Gen. Sts. *c.* 145, § 9, which provide that "when the proceedings of any tribunal are brought up by a writ of *certiorari,* the court may quash or affirm such proceedings, or enter such judgment as the court below should have rendered, or make such order, judgment or decree in the premises as law and justice require." This provision will enable us to vacate the abatement of taxes of which the petitioners complain, and to order further proceedings by the county commissioners in conformity with the opinion which we have now stated; and such, as it seems to us, will be the course which law and justice require.

*Writ of certiorari to issue.*